UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JAMES DANIELS, *pro se*,                              :
                                                      :        **SUMMARY ORDER**
                          Plaintiff,                  :
                                                      :        14-CV-4898 (DLI)(LB)
              -against-                                :
                                                      :
JUNIPER ELBOW CO., INC.                               :
                                                      :
                          Defendant.                  :
---------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

Plaintiff James Daniels, proceeding *pro se*, brings this action against his former

employer, alleging that he was terminated in violation of Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and the Age Discrimination in Employment Act

of 1967, 29 U.S.C. § 621, *et seq.* ("the ADEA"). Plaintiff's request to proceed *in forma pauperis*

is granted only for the purpose of this Summary Order. For the reasons discussed below, the

action is dismissed without prejudice as untimely. The Clerk of the Court is directed to stay the

closure of this case as plaintiff is granted leave to file an amended complaint NO LATER THAN

May 4, 2015.

## BACKGROUND

On August 15, 2014, Plaintiff commenced this action by filing a form complaint for

employment discrimination actions. Plaintiff indicates that he was employed by Defendant as a

truck driver for "13-15 years" before his employment was terminated on September 8, 2011.

(Compl. at ¶ 8, Dkt. Entry 1.) Plaintiff alleges that he was "the only Black, American, Truck

Driver and the oldest Black, American, Truck Driver" in his department. (*See* New York State

Division of Human Rights ("Division"), Verified Complaint, attached as an Exhibit to Compl.)

Defendant states that Plaintiff's employment was terminated because Plaintiff returned from

driving "reeking of alcohol" and the truck contained alcohol. (*See* New York State Division of Human Rights, Answer at Affirmative Defense ¶ 1, attached as an Exhibit to Compl.) Plaintiff filed a charge with the Division on September 12, 2013, which was dismissed as untimely on May 16, 2014. (*See* Dismissal and Notice of Rights attached to Compl.) (Stating that the file was closed for "No Jurisdiction – Untimely filed – Less than 300 days.")

## DISCUSSION

### I. Standard of Review

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Petitioner v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). "In addition to liberally construing *pro se* complaints, a district court should not dismiss a *pro se* complaint without granting the petitioner leave to amend if "'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Andersen v. Young & Rubicam Adver.,* 487 Fed. Appx. 675, 676 (2d Cir. 2012).

### II. Timeliness

Under Title VII and the ADEA, a New York plaintiff is required to file a charge of discrimination with the EEOC and receive a right to sue notice before bringing a Title VII claim in federal court. 42 U.S.C. § 2000e-5(e). The administrative claim must be filed with the EEOC or the state agency within 300 days of the discriminatory conduct. 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d), 633(b); *Kassner v. 2d Ave. Delicatessen Inc.,* 496 F.3d 229, 237 (2d Cir. 2007); *Flaherty v. Metromail Corp.,* 235 F.3d 133, 136 n.1 (2d Cir. 2000) ("To sustain a claim for unlawful discrimination under Title VII and/or the ADEA, a plaintiff must file administrative

charges with the EEOC within 300 days of the alleged discriminatory acts."). This statutory requirement effectively acts as a statute of limitations as Title VII claims in federal court are barred by the failure to file a timely charge. *Cherry v. City of New York,* 381 Fed. Appx. 57, 58 (2d Cir. 2010) (stating timely filing of charge with EEOC and corresponding state agencies is "a condition precedent to the filing of an action in federal court pursuant to the [ADEA], the [ADA] or Title VII of the Civil Rights Act" and the "statute of limitations for filing a claim with the EEOC is 300 days" in New York). The statute of limitations for each discriminatory and retaliatory act begins to run when that act occurs. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Here, Plaintiff alleges that the last date of unlawful discrimination occurred on September 8, 2011, the date that his employment was terminated. He filed a verified complaint with the New York State Division of Human Rights on September 12, 2013, which is far more than 300 days from the alleged harm. The New York State Division of Human Rights dismissed his charge as untimely on May 16, 2014.

While Plaintiff's claims fall outside the timely filing requirement, this deficit does not necessarily preclude adjudication of this suit if Plaintiff can show that he is entitled to equitable tolling. "[T]his time period for filing a charge is subject to equitable doctrines such as tolling or estoppel." *Id.*, 536 U.S. at 113 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). In order to apply equitable tolling to the 300-day filing period, Plaintiff has the burden of showing that exceptional circumstances prevented him from timely filing the discrimination charge. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the

time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. New York City Trans. Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal quotation marks and citation omitted); *Sporten v. Bridgehampton Road Races, LLC*, No. 13–CV–1730, 2014 WL 923265, at *5 (E.D.N.Y. Mar. 10, 2014).

Plaintiff fails to suggest any reason for the delay in filing his discrimination charge with the New York State Division of Human Rights. Should Plaintiff choose to file an amended complaint he must submit information detailing any possible impediments he may have faced in filing the New York State Division of Human Rights charge during the 300-day filing period.

### CONCLUSION

In light of plaintiff's *pro se* status, he is granted leave to amend the complaint in accordance with this Summary Order NO LATER THAN May 4, 2015. If he elects to file an amended complaint, he must allege facts that would justify tolling the 300-day period following the alleged discriminatory action.

The amended complaint must be submitted to the Court NO LATER THAN May 4, 2015, be captioned as an "Amended Complaint," and bear the same docket number as this Summary Order. For the convenience of *pro se* plaintiff, "Instructions on How to Amend a Complaint" are attached to this Summary Order. Plaintiff is advised that the amended complaint will replace the original pleading. All further proceedings shall be stayed for 30 days. If plaintiff fails to file an amended complaint by May 4, 2015, or if the Amended Complaint fails to comply with this Summary Order, this action will be dismissed with prejudice.

The court certifies pursuant to 28 U.S.C. § 19l5(a)(3) that any appeal would not be taken in good faith. Therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
        April 2, 2015

_____/s/_____

DORA L. IRIZARRY
United States District Judge
